# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

ANNAMALAI ANNAMALAI,            Case No. 3:24-cv-00268

    Plaintiff,                                         Newman, J.
                                                           Bowman, M.J.

    v.

MONTGOMERY COUNTY TREASURER,

    Defendant.

## REPORT AND RECOMMENDATION

Plaintiff Annamalai Annamalai, a/k/a Swamiji Sri Selvam Siddhar, is an individual currently incarcerated at the Federal Correctional Institute in Oxford, Wisconsin.[1] On October 11, 2024, Plaintiff tendered a motion seeking to proceed *in forma pauperis* in this Court, together with a civil complaint and extensive exhibits. Pursuant to local practice, this case is now before the undersigned to determine whether Plaintiff's motion for leave to proceed *in forma pauperis* should be granted, and if so, whether any portion of the complaint should be dismissed as frivolous upon initial screening under the Prisoner Litigation Reform Act.

For the reasons that follow, I recommend that Plaintiff's motion be DENIED. Alternatively, if the motion is granted and the complaint is filed, Plaintiff should be directed to pay the full filing fee with the complaint to be dismissed sua sponte.

---

[1] Annamalai was previously convicted in the Northern District of Georgia of multiple offenses, including bank fraud, conspiracy to commit bank fraud, filing a false federal income tax return, and making a false statement under oath in a bankruptcy proceeding. The underlying proceedings involved the formation and operation of the Hindu Temple and Community Center of Georgia, Inc. *See United States v. Annamalai*, 13-cr-437 (N.D. Ga. 2013). Some of his original convictions were reversed on direct appeal, but others were not. After resentencing, Annamalai again appealed, but that appeal was rejected and his new sentence was affirmed in all respects. *United States v. Annamalai*, No. 21-13002, 2023 WL 316019, (11th Cir. Jan. 19, 2023), *cert. denied*, 144 S.Ct. 166 (2023).

### I. Plaintiff is a Prisoner Barred from Filing *In Forma Pauperis*

In his *in forma pauperis* application, Plaintiff readily admits that he is a prisoner with "three strikes" against him based on prior sua sponte dismissals of complaints by multiple federal courts on grounds that his prior complaints were frivolous, malicious, or failed to state any claim under 28 U.S.C. § 1915(e)(2)(B). (Doc. 1-12, PageID 111; *see also* Doc. 1-13, Declaration). Indeed, the most cursory search of caselaw reveals that Plaintiff has been repeatedly sanctioned for vexatious conduct in multiple courts.[2] *See*, *e.g.*, *Annamalai v. Emmerich*, No. 24-cv-357-jdp, 2024 WL 3694446, at *1 (W.D. Wis., August 7, 2024) (quoting from earlier case, citing Annamalai's "history of frequent and abusive litigation" and extensive sanctions for filing "a deluge of meritless and frivolous actions."); *Annamalai v. Reynolds*, No. 23-cv-01210-JPG, 2024 WL 263473, at *3 (S.D. Ill. Jan. 24, 2024) ("Annamalai is a three-striker who has been declared a vexatious litigant in Texas and Georgia based on sixty (60) federal lawsuits and forty (40) state lawsuits he has filed."); *Annamalai v. Warden*, 760 Fed. Appx. 843, 851 (11th Cir. 2019) (affirming dismissal of § 2241 petition and imposition of restrictions that included directing clerk of court not to docket any filings as motions without the court's express approval, based on Annamalai's "history of frequent and abusive litigation."); *Annamalai v. Sivanadiyan*, 713

---

[2]In the interest of judicial economy, the undersigned performed only a rudimentary search of caselaw involving "Annamalei" on Westlaw, without performing a full PACER search and without searching under any of Annamalai's identified aliases. From what the undersigned can determine, the instant case is only the third case filed directly by Annamalai in the Southern District of Ohio, although the same individual appears as a third party/ intervenor plaintiff in a fourth case. *See* No. 3:14-cv-103-TMR. In No. 2:13-cv-747-EAS-TPK, Plaintiff paid the requisite filing fee but that case was dismissed based on his failure to serve the defendants. In No. 2:16-cv-601-GCS-TPK, Plaintiff sought to avoid the PLRA bar by filing a request for a "writ of praecipe" rather than an application to proceed *in forma pauperis* – a work-around that other courts have also rejected. That case was later dismissed based on his failure to pay the filing fee or to submit an *in forma pauperis* application.

Fed. Appx. 409, 411 (5th Cir. 2018) (noting that Annamalai has been "sanctioned extensively" in federal court for filing "a deluge" of meritless and frivolous actions).

Under 28 U.S.C. § 1915(g) of the Prison Litigation Reform Act, a prisoner subject to the "three strike" rule is barred from filing any new civil action or proceeding *in forma pauperis* "unless the prisoner is under imminent danger of serious physical injury." Plaintiff alleges that he meets the "imminent danger" exception, because he suffers from various illnesses and/or injuries for which he allegedly has not received adequate medical care in the prisons in which he has been incarcerated. Plaintiff has filed other cases regarding his allegations of substandard medical care, alleging claims under the Federal Torts Claims Act, and/or deliberate indifference, and at least some of those claims survived initial screening in other courts. *See, e.g., Annamalai v. United States*, No. 22-cv-01541-JPG, 2024 WL 249320 (S.D. Ill. Jan 21, 2024); *Annamalai v. Sproul*, No. 22-cv-01541-JPG, 2022 WL 16716109 (S.D. Ill. Nov. 4, 2022). But that is not what *this* case is about. The above-captioned complaint contains no allegations relating to Plaintiff's medical care or other conditions of his confinement that he cites to as evidence of "imminent danger."

To satisfy the "imminent danger" exception under 28 U.S.C. § 1915(g), a plaintiff's claims in the *subject* complaint must fairly allege "imminent danger" if *those* claims are not heard. To simply declare "I'm in imminent danger and therefore I'd like to file this unrelated suit to collect on an alleged money judgment rendered by an Indiana state court" will not do.

Although the Sixth Circuit has yet to address this issue of statutory interpretation, no less than seven other circuits have, as have multiple district courts within this circuit.

3

Rather than reinvent the wheel, the undersigned adopts the following persuasive analysis from a recently decided case in the Western District of Michigan:

> Although the Sixth Circuit has yet to specifically address whether the imminent-danger exception requires a nexus between the danger and the allegations of the complaint, *see Vandiver*, 727 F.3d at 588 (declining to reach issue), this Court concurs with the uniform opinion of all seven circuits that have addressed the issue: some nexus between the imminent danger and the claims raised is required in order to protect the meaning of the entire provision. This nexus requirement is not the result of a judicially created element imposed upon the language of the statute. Instead, as the *Pettus* court recognized, a reading of the statute that incorporates a nexus rule flows from the fundamental rule of statutory construction requiring that a statute be read as a whole. 554 F.3d at 297. That rule of construction has been regularly repeated by the Supreme Court:
>
>> The meaning—or ambiguity—of certain words or phrases may only become evident when placed in context....It is a "fundamental canon of statutory construction that the words of a statute must be read in their context and with a view to their place in the overall statutory scheme."
>
> *FDA v. Brown & Williamson Tobacco Corp.*, 529 U.S. 120, 132–33 (2000) (quoting *Davis v. Mich. Dep't of Treasury*, 489 U.S. 803, 809 (1989)), quoted in *Nat'l Ass'n of Home Builders v. Defs. of Wildlife*, 551 U.S. 644, 666 (2007); *see also Clark v. Rameker*, 573 U.S. 122, 131 (2014) (citing *Corley v. United States*, 556 U.S. 303, 314 (2009)). An equally fundamental canon of statutory interpretation is that exceptions to a general rule must be read narrowly. *See Comm'r of Internal Revenue v. Clark*, 489 U.S. 726, 739 (1989) ("In construing provisions...in which a general statement of policy is qualified by an exception, we usually read the exception narrowly in order to preserve the primary operation of the provision."). And from this last canon arises the related principle that exceptions must not be interpreted so broadly as to swallow the rule. *See Cuomo v. Clearing House Ass'n, L.L.C.*, 557 U.S. 519, 530 (2009) (rejecting an interpretation of a statutory exception that "would swallow the rule").
>
> As applied to § 1915(g), the exception must be read in light of the strong general thrust of the PLRA, which was "aimed at the skyrocketing numbers of claims filed by prisoners - many of which are meritless - and the corresponding burden those filings have placed on the federal courts." *Hampton*, 106 F.3d at 1286. In addition, § 1915(g) itself states that "*[i]n no event* shall a prisoner bring a civil action or appeal..." if he has three strikes, unless his complaint alleges facts that fall within the narrow exception in issue. 28 U.S.C. § 1915(g) (emphasis added); *Pettus*, 554 U.S. at 297. Interpreting the statute without some link between the imminent danger

4

alleged and the redress sought would cause the exception to swallow the rule, permitting a prisoner to file as many lawsuits as he wishes on any subject - as long as he can state that he is in imminent danger from something, even if that something is unrelated to his claims and unrelated to the named defendants. *Pettus*, 554 F.3d at 297; *Pinson*, 964 F.3d at 71. Such a reading of the statute would be inconsistent with the general rule of statutory construction, which requires that exceptions to a rule be read narrowly, so as not to undermine the general rule. *Clark*, 489 U.S. at 739; 2A Norman J. Singer, *Statutes and Statutory Construction*, § 47.11 at 246–47 (6th ed. 2000) ("[W]here a general provision in a statute has certain limited exceptions, all doubts should be resolved in favor of the general provision rather than exceptions."). Because Plaintiff's allegations concerning the ostensibly "imminent" danger he faces are incapable of redress in the instant case against the named Defendants, Plaintiff cannot demonstrate the requisite nexus. Permitting Plaintiff to proceed *in forma pauperis* based on allegations of unrelated imminent danger would permit the exception to § 1915(g) to swallow the rule.

*Stubbs v. Unknown Plowman*, No. 1:24-cv-982-JMB, 2024 WL 4511422, at *4-5 (W.D.Mich. Oct. 17, 2024).

Therefore, the undersigned strongly recommends that Plaintiff's motion to proceed *in forma pauperis* under 28 U.S.C. § 1915(g) be denied, and that Plaintiff be required to immediately pay the full filing fee prior to initiating this case or <u>any new civil case</u> in this Court.

**II.     This Case is Duplicative**

The undersigned writes further to explain why the instant complaint would appear to be subject to immediate dismissal as frivolous and duplicative of claims previously filed by Plaintiff, even if the presiding judge or a reviewing Court were to take a different view of the nexus that is implicitly required in 28 U.S.C. § 1915(g) between assertions of "imminent danger" and the complaint at hand.

Based on the cause of action identified by Plaintiff on his civil cover sheet, the Clerk of this Court docketed this case as a petition for mandamus filed against a single

5

defendant, the Montgomery County Treasurer, pursuant to 28 U.S.C. § 1361. (Doc. 1-14). But the tendered complaint contains no reference to federal question jurisdiction under the mandamus statute. Rather than seeking a writ of mandamus, the complaint alleges the existence of federal diversity jurisdiction, and seeks civil relief under Ohio's "uniform recognition of foreign judgment act" and the "Full faith and credit under 28 U.S.C. § 1735." (*Id.*) In another anomaly, in addition to the Montgomery City Treasurer identified as the sole Defendant on the docket sheet, the complaint itself includes a list of many additional "Judgment Debtors/Defendants" including individuals, entities, and John Does 1-15. (Doc. 1-1, PageID 6).

A summary in a recent opinion in one of Plaintiff's many petitions for writ of habeas corpus filed under 28 U.S.C. § 2241 helps illuminate the basis for the above-captioned complaint.

> It's difficult to summarize Annamalai's allegations. Annamalai alleges that he is a "judgment creditor" in an Indiana breach-of-contract action against a private individual. *See* Dkt. 10 ¶ 1; Vigo County (Ind.) Superior Court Case No. 84D02-1704-MI-2768. Annamalai further alleges that, in that case, he obtained an "equitable order of specific performance" against the U.S. Attorney General, the U.S. Attorney for the Northern District of Georgia, and the BOP and various BOP officials. … Annamalai's explanation is unclear, but he believes that the purported equitable order of specific performance invalidates his convictions and entitles him to immediate release from federal custody. *See id.* ¶¶ 2–7.
>
> Annamalai hasn't alleged a basis for relief under § 2241. I've reviewed the docket sheet in the Indiana case, which is ongoing. There's no indication that Annamalai has obtained the relief that he alleges. Even if Annamalai has obtained, or ultimately obtains, a favorable decision in that case, it's implausible that a favorable ruling in a state-law breach-of-contract action against a private individual would warrant § 2241 relief. In short, Annamalai hasn't met § 2241's heightened pleading requirements. Furthermore, Annamalai's allegations show that he challenges the validity of his

6

convictions, not the execution of his sentence. Section 2241 is not an appropriate vehicle for his claims. I will not construe Annamalai's amended petition as a petition to vacate under § 2255 because his allegations are frivolous and further litigation of them would be futile.

I will deny Annamalai's amended petition. Annamalai is cautioned that, if he continues to file frivolous habeas petitions, I will enter an order barring him from bringing further petitions in this court.

*Annamalai v. Emmerich*, 2024 WL 3694446, at *1-2 (W.D. Wis., Aug. 7, 2024).

The instant case presents Plaintiff's latest attempt to leverage his alleged "judgment" from the Indiana state court. Notably, the "judgment" in question consists of handwritten orders dated November 9, 2020 in Vigo County, Indiana Superior Court Case No. 84D02-1704-MI-2768, which was a state court case filed by Plaintiff against one Viswal Kalyani for breach of contract.[3] Despite appearing to be entirely in Plaintiff's own handwriting, the orders appear be signed by the presiding judge in the state court case.

The orders are extraordinarily odd – so much so that the Eleventh Circuit Court of Appeals apparently questioned whether they might have been forged. (Doc. 1-11, *U.S. v. Annamalai*, No. 20-10543-DD, Doc. 71, 1/20/23). However, in an order filed in the Indiana state court on March 7, 2023, Honorable Charles D. Bridges, Special Judge of the Vigo Superior Court #2, confirmed that the Orders had indeed been "signed by the Special Judge assigned to this cause of action." (*Id*., publicly available Indiana state court docket

---

[3]Plaintiff's current complaint provides additional background. He alleges that after he was convicted more than a decade ago, at least 169 persons and entities "looted and or sold, transferred[, and] absconded with" property that Plaintiff alleges he owned. Plaintiff apparently sent "invoices" to the alleged "tortfeasors," who failed to return what Plaintiff alleges to be "billions of dollars['] worth [of] Trade secrets, intel[e]ctual properties, artieffects [sic], ancient statues, idols over 5 tonnes [sic] of Gold kept to construct a golden Tower for a Hindu Temple in the United States, hundreds of acres of lands, office towers, homes, cars, jewlleries [sic], cash, and other properties…." (Doc. 1-1, PageID 9; *see also* Doc. 1, PageID 3). Plaintiff then "sold" his "invoices" to Mr. Kalyani "on a contract to collect such invoices." (*Id*.) After Kalyani failed to collect, Plaintiff sued him for breach of contract in Vigo County, Indiana. When Kalyani failed to respond to requests for admissions, Plaintiff obtained the handwritten orders that are at the heart of this case. (Doc. 1, PageID 3).

7

accessed on October 24, 2024). Of course, the mere existence of orders in a state court case in which Mr. Kalyani was the lone defendant does not mean that this Court must enforce those orders against the many defendants included in this lawsuit that Plaintiff alleges were "in privity" with the original defendant.

Unsurprisingly, Plaintiff's filing in this Court is not his first attempt to leverage this nonsensical 2020 Indiana "judgment."[4] Faced with similar claims, an Illinois state court recently offered this analysis:

> Plaintiff apparently refers to an order from a court in Vigo County, Indiana. The "order" purports to be signed by a judge and certified by the circuit court clerk. It appears to be in plaintiff's handwriting and is frankly nonsensical. The purported order provides:
>
>> "The court finds for the plaintiff for, to Execute the Final Judgment. All the account debtors, who has already admitted as 'Party-in-Privity,' pursuant to Indiana Trial Rule 36(b) shall specifically perform all the acts as per their respective admissions at this proceedings."
>
> Indiana Trial Rule 36 contains no mention of parties "in privity." Much like Illinois Supreme Court Rule 216, it provides that a party "may serve upon any other party" a request for admissions. Ind. Trial Rule 36 (eff. Jan. 1, 1982). The only defendant in the Indiana case was Viswal Kalyani, who is not a party to this case. Kalyani is the only name appearing on the order. Plaintiff's filings in the Illinois circuit court also include a 16-page list of "account debtors" with listed addresses in India and numerous U.S. states. It is doubtful that even the lone defendant was properly served. See *Annamalai v. Kalyani*, No. 84A01-1710-MI–2520 (2018) (appeal from the dismissal of another case against the same defendant in part for failing to effect service and due to plaintiff's "abusive litigation" practices). In their appellate brief, defendants claim they are unaware of any case in Indiana involving them. In short, none of the present defendants were properly made parties to the Indiana case and thus the circuit court was not required to give it full faith and credit.

---

[4]Given Plaintiff's ongoing litigious history, the undersigned cannot be certain whether the handful of cases identified herein are the sole cases in which Plaintiff previously has raised substantially the same claims regarding the alleged handwritten Vigo County, Indiana "judgment."

8

*Annamalai v. Samuel*, 2024 IL App (5th) 230546-U, ¶¶ 27-28, 2024 WL 2941364, at *4 (Ill.App. 5 Dist., June 11, 2024); *see also Annamalai v. Reynolds*, No. 23-cv-01210-JPG, 2024 WL 263473 (S.D. Ill., Jan. 24, 2024) (denying motion to reconsider July 21, 2023 dismissal, for lack of underlying jurisdiction in the state court, of case in which Plaintiff also sought enforcement of the Vigo County[5] judgment under Full Faith and Credit Clause); *Annamalai v. Sproul*, No. 22-cv-01541-JPG, 2022 WL 16716109 (S.D. Ill. Nov. 4, 2022) (severing Plaintiff's claim seeking "full faith and credit and specific performance of Indiana's Court Order in Vigo County Superior Court Case No. 84D02-1704-MI-2768); *United States v. Annamalai*, No. 12645-HH, 2023 WL 2428873, at **1,13 (Annamalai's Eleventh Circuit brief on appeal of sentence after remand, seeking "full faith and credit" enforcement of Vigo County Superior Court order(s)).

In short, it is apparent that the instant federal lawsuit contains either the same or substantially similar claims to those previously raised by Annamalai in multiple other cases. If it were permitted to be filed *in forma pauperis*,[6] it would be subject to dismissal as repetitious or duplicitous. *See generally*, *Annamalai v. Sivanadiyan*, No. H–17–0025, 2017 WL 633490, at *2 (S.D.Tex., Feb. 15, 2017) (revoking prior grant of *in forma pauperis* status, holding new lawsuit containing the same or similar claims would count as another strike against Annamalai, and directing collection of the full filing fee plus an additional $100 as a sanction).

---

[5]The Illinois court erroneously refers to the orders as originating from Vigo County, *Illinoi*s.
[6]A grant of *in forma pauperis* status to a prisoner does not excuse the prisoner from paying any filing fee, but instead permits periodic partial payments of the fee over time based on collection of amounts held in the prisoner's account, until such time as the full fee is paid.

### III. Conclusion and Recommendation

Accordingly, **IT IS RECOMMENDED THAT** Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 1) be **DENIED** under 28 U.S.C. § 1915(g). Additionally, given Plaintiff's litigation history of filing complaints in multiple jurisdictions relating to the same or substantially similar claims, the Plaintiff should be forewarned that filing any future complaints in this court based on the same subject matter could result in a finding that he is a vexatious litigant who should be subject to prefiling restrictions.

 *s/Stephanie K. Bowman*  
Stephanie K. Bowman  
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

ANNAMALAI ANNAMALAI,

    Plaintiff,

    v.

MONTGOMERY COUNTY TREASURER,

    Defendant.

Case No. 3:24-cv-00268

Newman, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  See *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).